James R. Haley & als. vs. Samuel Godfrey & al.

If the oath be duly administered, but there is a want of accuracy and formality in the return of the magistrate, living in another State, and taking the deposition there under a *dedimus*, issued from the Court of Common Pleas, under the *stat.* 1821, c. 85, sec. 7, that Court has power to admit the deposition in evidence or to reject it.

And the exercise of that power is of that discretionary character which is not subject to revision in this Court.

In an action of assumpsit by several plaintiffs, where they call a witness who is objected to as interested in the event of the suit, a release under seal, although executed by but part of them, discharges the joint interest, and renders the witness competent.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The action was assumpsit. The plaintiffs offered the deposition of *James Godfrey,* to the admission of which the defendants objected, as improperly taken, which appears from the caption. The

objection was overruled. The deponent lived without the State, and the deposition was taken by *dedimus*. The caption was thus, "*Bristol, ss. December* 25, 1837. Then the within named *James Godfrey*, personally appeared and made oath that the within answers and declarations by him subscribed were just and true. Before me, *George Clapp*, Justice of the Peace." The plaintiffs also introduced the deposition of *W. R. Leach*, to which objection was made, that he was interested, and that the release which was under seal, and signed by four of the nine plaintiffs, did not discharge the interest. The deposition was admitted. The verdict was for the plaintiffs, and the defendants excepted.

*J. Appleton* and *W. T. Hilliard* argued for the defendants, and in support of the first objection, cited *Davis* v. *Allen*, 14 *Pick.* 313. And in support of the second, *Hewitt* v. *Lovering*, 3 *Fairf.* 201; *Winslow* v. *Kelley*, *ib.* 513; 9 *Conn. R.* 23.

*Fuller* argued for the plaintiffs, and cited *stat.* 1821, *c.* 85, *sec.* 7; *Goodwin* v. *Mussey*, 4 *Greenl.* 88; 1 *Peters' C. C. R.* 85; 4 *Serg. & R.* 298; *Barnes* v. *Ball*, 1 *Mass. R.* 73; *Bryant* v. *Com. Ins. Co.* 9 *Pick.* 487; 4 *Johns. R.* 130; *Vail* v. *Nickerson*, 6 *Mass. R.* 262; *Blake's Ch. Pr.* 130; 13 *Serg. & R.* 334; 3 *Fairf.* 201, and 513, cited for defendants.

The opinion of the Court was drawn up by

SHEPLEY J. — The first exception taken, relates to the admission of the deposition of *James Godfrey*. The Courts are authorised by *stat. c.* 85, *sec.* 7, to issue a *dedimus* to take depositions within or without the State, on such terms as they may prescribe. And the nineteenth rule of the Court of Common Pleas, prescribes the terms upon which a commission may issue from that Court. The sixth section of the statute provides, that depositions taken out of the State by any person legally empowered, may be admitted or rejected at the discretion of the Court. The deposition of *Godfrey* appears to have been taken out of the State by a *dedimus*, and upon interrogatories filed and annexed, which were answered by the witness, and the answers were annexed, and the whole returned by the person authorized, stating that the witness personally appeared and made oath to the truth of the answers. The objections are, that it does appear, that he did not follow the instructions

of the commission, and that the proper form of the oath was not administered; and that it does not appear that the answers were reduced to writing in the presence of the magistrate. There was an informality and want of accuracy in the return of the magistrate, which should be avoided. When nothing appears to the contrary, it may be presumed, that when the witness subscribes and makes oath to the truth of the answers before the magistrate, that they were reduced to writing in his presence. No particular form of oath is prescribed in such cases, and it appearing, that the testimony was under the sanction of an oath, the great object in that respect was accomplished.

This deposition was within that class over which the judge had by law a discretionary power, and having exercised it, not in violation of any law or rule of Court, his judgment in such case is not to be revised by this Court.

The sufficiency of the release given to the witness, *Leach,* is objected to, because it does not appear, that those signing had authority to act for the plaintiffs, who were associated under the name of the *Stillwater Iron Foundery Company,* and because only four out of the nine plaintiffs executed it.

If it did not bind the whole of the plaintiffs for want of authority, it bound those of the plaintiffs who signed it; and if part of several joint promisees release the promise, it will be a good discharge.

*Exceptions overruled.*